*FILED*

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

*2018 FEB 16  P 5: 04*

*CLERK US DISTRICT COURT*
*ALEXANDRIA, VIRGINIA*

| | | |
|---|---|---|
| Anna Andin Bender | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:18 CV-184- CMH/JFA |
| vs. | ) | **COMPLAINT** |
| | ) | 1) Breach of Fiduciary Duty |
| Federal Bureau of Investigations, | ) | 2) Actual Fraud |
| Akima, LLC, | ) | 3) Gross Negligence |
| ManTech International Corporation, | ) | 4) Constructive Fraud |
| | ) | |
| Defendants, | ) | |

---

### OPENING PRAYER

Almighty God, Lord Jesus Christ, I pray that you will allow the facts and the truth to prevail in this matter. Please give wisdom to those presiding over this matter and the courage to judge with righteousness. *Proverbs 21:15(The Book of Proverbs)*
*15 "When Justice is done, it brings joy to the righteous but terror to the evildoers."*

### COMPLAINT

Plaintiff, Anna Bender ("Bender"), Pro Se Litigant, for her Complaint against the Federal Bureau of Investigations ("FBI"), Akima, LLC ("Akima") and ManTech International Corporation ("ManTech"), states as follows:

### Introduction

1. This is an action for damages caused by Defendants' (FBI, Akima and ManTech) gross violations of their duties to Plaintiff, Contractual and Otherwise, in connection with Plaintiff's employment and Personnel Security Clearance.   As described in more detail below, Defendants, in their Fiduciary capacity, knowingly or negligently misled Plaintiff in matters pertaining to Plaintiff's employment and Government Personnel Security Clearance ("PCL") in order to prevent Plaintiff from being gainfully employed in the Intelligence Community and to ensure that Plaintiff's PCL expires without a chance for renewal in retaliation against Plaintiff for her participation in an EEOC activity.

2. Plaintiff reported and filed an EEOC Complaint against the FBI in February of 2014 for Religious Discrimination and Retaliation. In March of 2014 and July of 2014, Akima, LLC informed Plaintiff's

1

former Legal Representatives of Akima's unlawful intent to retaliate against Plaintiff. Akima professed their intentions to inform members of the intelligence community including the FBI about Plaintiff's EEOC activity. Akima also made it clear that as part of any potential settlement agreement, that Akima wants to maintain sponsorship of Plaintiff's clearance, i.e. remain the sole holder of Plaintiff's clearance.

3.  In February of 2014, ManTech made an offer of employment for Plaintiff to work on an FBI Contract at the Department of Justice's Security Operations Center ("JSOC"). Upon information and belief and with supporting evidence, Akima and the FBI worked with ManTech to retaliate against Plaintiff for exercising her lawful rights in filing complaints of Religious Discrimination against the FBI and Akima.

4.  The FBI, Akima and ManTech worked together to sabotage/breach Plaintiff's employment agreement with ManTech and other employers; to commit fraudulent acts to intentionally misled Plaintiff in matters pertaining to her Security Clearance; to breach their Fiduciary duty/responsibility as Facility Cleared Employers and Representatives of the Federal Government in their respective capacities. Defendants made material misrepresentations and material omissions regarding Federal processes in efforts to prevent Plaintiff from being gainfully employed on any FBI contracts or within the Clearance community.

5.  Evidence in Plaintiff's possessions supports the belief that Defendants attempted to set Plaintiff up for a crime i.e. signing timesheets and charging the United States Government for payments on an FBI Contract which as stated in the FBI's own words, "there is no record of Plaintiff ever being submitted to work on the FBI Contract."

6.  The FBI gave ManTech and Akima the green light to proactively track Plaintiff's employment efforts so that proactive measures could be taken to ensure that Plaintiff's PLC expired without renewal and that Plaintiff was never able to work in the Clearance Community again.

7.  These actions have significantly and permanently damaged Plaintiff in her reputation, profession, business, personal and professional relationships, for which Plaintiff seeks herein compensatory damages, punitive damages, pre and post judgment interest, costs and such further relief as the Court may deem appropriate, to the extent permitted by Law.

### Jurisdiction and Venue

8.  Plaintiff is a Citizen of these United States of America, who resides permanently in Loudoun County within the State of Virginia.

9.  All Defendants listed in this Lawsuit including the FBI have offices and Places of Business located in the Commonwealth of Virginia and Northern Virginia, thus purposefully availed themselves of the privilege of doing business in this jurisdiction.

2

10. All Defendants are either members of the Federal Government or are Facility Cleared Contractors doing business with the Government and having Fiduciary responsibilities to the United States Government and Citizens of the United States to conduct business ethically/Lawfully in the best interest of the United States and the people it represents.

11. This Court has jurisdiction over the parties and the subject matter based on common law and venue in this Court is proper because the causes of action in this Complaint accrued in Northern Virginia because Plaintiff was conducting business with Defendants in Northern Virginia.

**Facts Common to All Counts**

12. Plaintiff suffered wrongful termination on the basis of Religion in January 31, 2014 from Plaintiff's employment contract with the FBI.

13. Plaintiff exercised her lawful Civil rights by reporting and filing Complaints of Religious Discrimination and Retaliation against the FBI and her former employer Akima for wrongful termination on the basis of Religion with the Equal Employment Opportunity Commission ("EEOC").

14. In March and July of 2014, Akima informed Plaintiff's former Legal Representatives of Akima's unlawful intentions to retaliate against Plaintiff. Akima informed Plaintiff's former legal counsel that it was Akima's intention to dispense information to the FBI and the affiliates of the intelligence community about matters pertaining to Plaintiff's Religious discrimination complaint. Akima also disclosed its intentions of retaining sole sponsorship of Plaintiff's Personnel Security Clearance; in other words, Akima did not want Plaintiff to be gainfully employed by another member of the Clearance community except Akima and if Plaintiff did not play by Akima's unlawful ambitions, Plaintiff will find herself blackballed from the Intelligence community, Plaintiff's SSBI adjudication will expire, without an opportunity for renewal and Plaintiff will never obtain Security Clearance sponsorship from another Contractor.

15. Information obtained from JPAS personnel confirms that the reason why Akima claimed to have kept Plaintiff on as an employee ("on Call" status) even though Plaintiff was terminated from her employment contract in a joint decision by the FBI and Akima was for Akima to still have access to Plaintiff's records in JPAS.

16. There are strict guidelines for Facility Cleared contractors to be able to access PCL records for a cleared Personnel.    The facility cleared Contractor must be the current employer of the Personnel or have hired or in the process of hiring the personnel in order to make clearance inquiries or pull up PCL records in JPAS.

17. Akima knew that in order for Akima to proactively track Plaintiff's employment activity within the Clearance community, Akima had to hold on to its "employer" status even though Plaintiff no longer needed sponsorship for her TS/SCI Clearance from Akima since Plaintiff no longer held a

job that required TS/SCI sponsorship. Additionally, Plaintiff no longer had a working Business relationship with Akima and Plaintiff's pay and benefits had been stopped.

18. Akima wanted to track Plaintiff's employment activity in the clearance/intelligence community via Plaintiff's PCL record. Akima understood that Plaintiff was favorably adjudicated for a Single Scope Background Investigation ("SSBI") in July of 2012. Akima also knew that Plaintiff's SSBI was good for five years to expire July of 2017.

19. Given Akima's intentions as stated by Akima's legal Counsel that Akima wished to retain sponsorship of Plaintiff's PCL as part of any settlement agreement, Akima had to achieve this goal by preventing Plaintiff from ever being gainfully employed by any other Employer who is able to sponsor or hold clearances.   Akima also had to ensure that Plaintiff's SSBI adjudication did not get reciprocated to another clearance such as a Moderate Risk Background ("MBI") by another sponsor Federal Contractor.   If Plaintiff's SSBI clearance was successfully reciprocated to an MBI Clearance, this would mean that Plaintiff will get another five years of MBI suitability without the need for a Background Investigation.

20. As such, Akima kept a close eye on Plaintiff's employment/PCL activities with employers to ensure that Akima accomplished Akima's Unlawful retaliatory actions towards/against Plaintiff for exercising her lawful civil rights in filing a complaint of discrimination.

21. Naturally, Akima informed the FBI and ManTech, both affiliates of the Intelligence/clearance community, as Akima already threatened to do during conversations with Plaintiff's former legal Representatives.   Akima's goal as already discussed above was to retain sponsorship and remain holder of Plaintiff's PCL, as such once Akima noticed via JPAS that ManTech was working to take sponsorship of Plaintiff's, Akima sprang into action.

22. Federal Contractors are assigned identifiers in JPAS known as Commercial and Government Entity Code ("CAGE") codes, each facility cleared contractor is assigned a CAGE code identifier for tracking purposes by the System for Award Management ("SAM").   Activity carried out by Facility Cleared Personnel assigned a JPAS account is tracked using CAGE codes assigned to Facility Cleared ("FCL") contractors.   When looking up a PCL for an employee or prospective employee, that activity is tracked using CAGE codes within JPAS, which is accessible to FCL contractors.

23. Keeping in mind that Akima declared their vested interest in reporting Plaintiff's EEOC activity to prospective employers including the FBI in the Intelligence community and also keeping in mind Akima's declared interest in retaining sole Sponsorship of Plaintiff's PCL, it was only natural and inherent that Akima sabotage work with the FBI and ManTech to Sabotage Plaintiff's employment with ManTech to support an FBI contract.

24. Akima, ManTech and the FBI considered Plaintiff a liability for exercising her civil rights under the law to file a complaint for Religious discrimination. Akima, ManTech and the FBI worked together to prevent Plaintiff from being submitted on record as a Contractor on the FBI contract.

25. Even though Defendants did everything possible to distract, deceive, commit several fraudulent acts, breaches, misrepresentations of material facts, material omissions to keep Plaintiff in the dark, Plaintiff was committed to finding the truth.

26. Defendant ManTech worked with the FBI to breach their fiduciary duty and breach the employment contract by misrepresenting information pertaining to Plaintiff's PCL, using federal frauds to cover for their unlawful actions in persuading Plaintiff to approve and submit fraudulent timesheets knowing full well that there is no record of Plaintiff as a contractor on the Contract.

27. ManTech claimed that ManTech had done everything ManTech needed to do to ensure that Plaintiff can work on the Client site.    ManTech claimed that the DOJ was delaying Plaintiff's EOD Adjudication Clearance.    This was all total lies and intentional misrepresentations of material facts.

28. Defendants never thought for a moment that Plaintiff will ever find out the truth as Plaintiff can only obtain any information pertaining to PCL records from Facility Cleared Employer i.e. ManTech. Despite the odds, obstacles and challenges, Plaintiff worked with Congressional Representatives and with the support of upstanding men and women at the DOJ and FBI, Plaintiff was able to obtain shocking evidence against Defendants.

29. Among some of the shocking information Plaintiff obtained was information that ManTech and the FBI did not complete, approve and submit a Visitor Access Request (VAR) form to FBI Security Personnel to process Plaintiff onsite access; neither did ManTech inform FBI's Contracting Officer managing the Contract that Plaintiff needed to be on boarded i.e. scheduled/participate in the Contractor Indoctrination.

30. Plaintiff also spoke with the Office of Inspector General and had several conversations with Agents in the field who made some very startling remarks that shocked Plaintiff. One Agent stated "*Be careful Mrs. Bender, they will try to get you before you get them. If I were you, I will fight this to the end, this abuse of power is destroying the Bureau/DOJ*" Plaintiff was led to believe that she may have also been set up for a crime by the FBI and ManTech. Upon information and belief, it appears that the FBI and ManTech were setting Plaintiff up for a crime to damage Plaintiff's reputation, sabotage Plaintiff's PCL and perhaps imprisonment for Fraud, even though the actual criminals were the Defendants.

31. It was not until June 6 of 2017 (Plaintiff's Birthday), that Plaintiff received a response letter from the FBI via Congresswoman Comstock's office confirming Plaintiff's investigative findings.

32. Defendants knew that they had a fiduciary responsibility to Plaintiff and the Government to conduct business ethically and not breach their fiduciary duties especially in matters involving Personnel Security Clearances and Federal Government processes.

33. Plaintiff was completely and totally dependent on Defendants and relied completely on information provided by Defendants as Plaintiff had no access to her PCL records unless

Defendants provided her with such information.

34. Defendants worked together to obstruct the course of justice in making significant misrepresentations of material facts; and delayed the course of Justice through material omissions and corruption in hopes that Plaintiff's case will elapse past the Statutes of Limitations for filing in court.

35. It is vital that the Court takes into account the significant burdens and challenges that Plaintiff faced in getting evidence and material information to get to the truth. Defendants used delay tactics in making material omissions, and committing intentional fraudulent acts to keep Plaintiff in the dark and buy time for themselves so that Plaintiff will never get her day in court.

36. The FBI played a role in making material omissions during Congressional inquiries and intentionally trying to downplay ManTech's conduct in the matter to protect Defendants.

## COUNT I: Breach of Fiduciary Duty

37. Plaintiff by reference Paragraphs 1 through 36 of this Complaint as if set fully herein.

38. Defendants owed fiduciary duties to Plaintiff, including the duty of care, the duty of trustworthiness, the duty of fidelity, and the duty to provide unbiased professional and truthful service especially regarding matters of employment and security clearances.

39. Defendants breached each of these duties as set forth in this Complaint in Defendants' unwillingness to comply with rules and regulations in conducted business ethically.    Defendants made deliberate omissions, concealment, or falsification of relevant and material facts regarding Plaintiff's PCL and Federal processes to sabotage and jeopardize Plaintiff's employment.

## COUNT II: Actual Fraud

40. Plaintiff by reference Paragraphs 1 through 39 of this Complaint as if set fully herein.

41. Defendants engaged in fraudulent conduct and violated Federal rules and regulations in how Defendants retaliated against Plaintiff in deliberately providing false or misleading information concerning relevant and material matters even to Plaintiff, Legal Counsel, Congressional Representatives and Court Judge.    Defendants also made deliberate omissions, concealments, or falsification of relevant material facts from Plaintiff, Legal Counsel, Congressional Representatives and Court Judge.

## COUNT III: Gross Negligence

42. Plaintiff by reference Paragraphs 1 through 41 of this Complaint as if set fully herein.

43. Defendants knew or should have known that their misrepresentations, omissions, and concealments would cause Plaintiff significant pain and suffering leading to Plaintiff loss of employment; compromising Plaintiff's Security Clearance, damage to Plaintiff's character and economic loss.

44. Defendants knew that Plaintiff would rely on their advice, directives and representations    and intended that Plaintiff do so.

45. Defendants breached their Fiduciary duty of trustworthiness and professionalism to such an extent that Defendants demonstrated an utter disregard for Federal rules and procedures; disregard for Plaintiff's Civil Rights protections. Defendants' actions do not meet standard of conduct for Federal entities cleared to handle and manage sensitive material.

46. At the very least, the FBI's inactions/failures to hold ManTech and Akima accountable constitutes gross negligence.

47. ManTech's and Akima's actions, authorized and/or ratified by the FBI constitutes gross negligence in the FBI's capacity as business Client and Federal Agency Sponsor for Akima's and ManTech's FCLs.

### **COUNT IV: Constructive Fraud**

48. Plaintiff by reference Paragraphs 1 through 47 of this Complaint as if set fully herein.

49. Defendants willfully omitted material information in advising Plaintiff and negligently misrepresented and misadvised Plaintiff, which, as Defendants knew it would, reasonably relied on Defendant.

50. ManTech's and Akima's actions, authorized and/or ratified by the FBI, were constructively fraudulent with respect to Plaintiff's PCL, employment and the contract specifically.

### **Jury Demand**

**TRIAL BY JURY IS DEMANDED.**
WHEREFORE, Plaintiff respectfully requests that the Court enter an Order requiring Defendants ManTech and Akima pay Plaintiff: (a) $15 million in Compensatory and Punitive damages; (b) Defendant FBI pay Plaintiff $350,000 in Compensatory damages.    Plaintiff further respectfully requests that the Court provide to Plaintiff such further relief as the Court may deem appropriate.

*Plaintiff's Prayer: Psalm 23(The Psalm of David)*
*23 The Lord is my shepherd; I shall not want. [2] He maketh me to lie down in green pastures: he leadeth me beside the still waters. [3] He restoreth my soul: he leadeth me in the paths of righteousness for his name's sake. [4] Yea, though I walk through the valley of the shadow of death, I will fear no evil: for thou art with*

*me; thy rod and thy staff they comfort me. [5] Thou preparest a table before me in the presence of mine enemies: thou anointest my head with oil; my cup runneth over. [6] Surely goodness and mercy shall follow me all the days of my life: and I will dwell in the house of the Lord forever.*

Respectfully submitted

*Anna Andin Bender /S/*

Anna Andin Bender
18251 Maple Spring Court
Leesburg, VA 20176
Telephone: 703-822-1645

## CERTIFICATE OF SERVICE

I hereby affirm that the attached Complaint by Plaintiff regarding Defendants FBI, Akima and

ManTech, dated February 16, 2018 is sent out as follows:

**Filed In Person In The United States District Court, Eastern District of Virginia:**

**EASTERN DISTRICT COURT OF VIRGINIA**
ALBERT V. BRYAN U.S. COURTHOUSE
401 COURTHOUSE SQUARE
ALEXANDRIA, VA 22314

**Served by Electronic Mail and Certified Mail to Counsel for Defendant:**

**FEDERAL BUREAU OF INVESTIGATIONS**
C/O ERIC HUANG
935 PENNSYLVANIA AVE. NW
ROOM 10140
WASHINGTON, DC 20535-0001

**AKIMA, LLC**
13873 PARK CENTER RD STE 400N
HERNDON VA 20171

**MANTECH INTERNATIONAL CORPORATION**
12015 LEE JACKSON HIGHWAY
FAIRFAX, VIRGINIA 22033

*Anna Andin Bender /S/*

Anna Andin Bender
18251 Maple Spring Court
Leesburg, VA 20176
Telephone: 703-822-1645

9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRIGINIA
_____Civil_____ DIVISION

Anna Ardin Bender (Prose)
Plaintiff(s),

v.

Federal Bureau of Investigations
Akima, LLC
Mantech International Corporation
Defendant(s).

Civil Action Number: _____

## LOCAL RULE 83.1(M) CERTIFICATION

**I declare under penalty of perjury that:**

**No attorney has prepared, or assisted in the preparation of** _____Complaint_____.
(Title of Document)

Anna Bender
Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _02-16-2018_ (Date)

**OR**

**The following attorney(s) prepared or assisted me in preparation of** _____.
(Title of Document)

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document

_____
(Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)