# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| ANNA ANDIN BENDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 1:18cv184 |
| | ) |
| FEDERAL BUREAU OF | ) |
| INVESTIGATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANTS' PROPOSED DISCOVERY PLAN

Pursuant to this Court's order of July 20, 2018, defendants Federal Bureau of Investigation and ManTech International Corporation, through their undersigned counsel, hereby respectfully submit this Proposed Discovery Plan in the above-captioned action.[1]

1. <u>Procedural History</u>: In this civil action, plaintiff – proceeding *pro se* – seeks relief against three defendants: (1) Akima, LLC ("Akima"); (2) the Federal Bureau of Investigation ("FBI") (*i.e.*, a federal agency); and (3) ManTech International Corporation ("ManTech") (Dkt. No. 1). Given the varying dates of service, as well as varying response periods provided by the Federal Rules, each of these defendants have responded to and/or made appearances in plaintiff's civil action at different times.

*First*, on June 7, 2018, Akima filed a motion to dismiss for a lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted (Dkt. Nos. 11-13).

---

[1] On August 10, 2018, undersigned counsel for the FBI transmitted a draft of the instant discovery plan to plaintiff (who is proceeding *pro se*), and to counsel for the FBI's co-defendants in this action. Undersigned counsel did not receive a response from either plaintiff or counsel for Akima.

1

After plaintiff filed an opposition to that motion (Dkt. No. 15), on July 23, 2018, this Court granted Akima's motion, and provided plaintiff with twenty days to file an amended complaint (Dkt. No. 21). It is unclear from the text of this Court's order whether it was dismissing plaintiff's complaint in its entirety, or simply those claims against Akima.

*Second*, on July 17, 2018, while Akima's motion remained pending, the FBI filed a motion to dismiss for a lack of subject-matter jurisdiction (Dkt. Nos. 16-19). But the FBI's jurisdictional arguments were different than those advanced by Akima in its earlier motion, and were keyed to well-established legal doctrines concerning the Federal Tort Claims Act and claims concerning security clearances. Plaintiff's opposition to this motion was due to be filed on August 7, 2018, and a hearing is scheduled for August 17, 2018 (two days after the initial pre-trial conference in this action). If this Court did not intend to dismiss the entirety of plaintiff's complaint, the FBI takes the position that its motion to dismiss remains live – even in the event that plaintiff files an amended complaint – as its arguments are not premised on the paucity of factual allegations, and cannot be cured through amendment. *Ohio River Valley Environ. Coalition, Inc. v. Timmermeyer*, 66 Fed. Appx. 468, 472 n.4 (4th Cir. 2003) (per curiam)

*Third*, after it was served in this action on July 26, 2018 (Dkt. No. 22), ManTech filed a motion seeking to extend its response date until after plaintiff files any amended complaint (Dkt. No. 23). This Court granted that motion in part, holding that ManTech was not required to respond to plaintiff's original complaint at this time.

2. Given the lack of a true operative complaint in this action, the parties respectfully request a stay of discovery until such time as plaintiff files her amended complaint, and this Court rules on any dispositive motions that the parties may file with respect to the same. The parties also inform this Court that given the present procedural posture of this action, they may move to vacate

the initial scheduling order. In the alternative, the FBI requests a stay of discovery until this Court rules on its pending motion to dismiss.

3. In the event that this Court rules against a stay of discovery, the parties respectfully propose that the Court adopt the discovery schedule proposed below.

4. <u>Initial Disclosures</u>: The parties will exchange the disclosures required by Fed. R. Civ. P. 26(a)(1) and Local Rule 26(A)(1) within 21 days from the date the Court enters its Scheduling Order pursuant to Local Rule 16(b), or, in the event this Court grants the aforementioned stay, within 21 days of the entry of the Court's order on all defendants' motion to dismiss (if necessary).

5. <u>Discovery</u>

    a. Any discovery to be undertaken will be commenced in time to be completed by the close of discovery in this case on December 14, 2018.

    b. Each party may serve to any other party a maximum of thirty (30) interrogatories, including parts and subparts, without leave of court.

    c. Each party make take a maximum of five (5) non-party, non-expert depositions, without leave of court. Each deposition shall be limited to a maximum of one (1) day of seven (7) hours of actual testimony, unless extended by agreement of the parties or order of this Court. The parties agree that they will make reasonable efforts to agree on dates for any depositions convenient to the deponent, counsel, and parties.

    d. Should a protective order be appropriate, the parties will confer in good faith to agree on the terms of a draft protective order to propose to this Court.

    e. If any documents are received from third parties pursuant to subpoena or FOIA request, the receiving party shall alert the remaining parties to its receipt of such documents

within five (5) business days of receipt and shall make the received documents available for inspection and copying.

      6.    <u>Expert Witnesses</u>

      a.    Plaintiff shall disclose any experts who may be called to testify at trial and provide those reports required by Fed. R. Civ. P. 26(a)(2)(B) on or before October 15, 2018.

      b.    Defendants shall disclose any experts who may be called to testify at trial and provide reports called for in Fed. R. Civ. P. 26(a)(2)(B) on or before November 14, 2018.

      c.    Plaintiff shall disclose any rebuttal expert report specifically regarding defendants' expert disclosures on or before November 29, 2018.

      7.    <u>Electronically Stored Information</u>

      a.    With respect to discovery of electronic documents, the FBI considers technical matters regarding the functioning and capabilities of its systems to be privileged, and in many instances, to include sensitive national security and/or classified information.

      b.    The parties will produce discoverable electronically stored information in printed form on paper or in PDF format from its original electronic format in the first instance. To the extent that the printed or PDF document does not indicate information which may be important, the parties will evaluate a request for such information on an individual document-to-document basis and disclose it in an intelligible format.

      c.    The parties acknowledge their obligation to retain and preserve documents, information, and things (including electronically-stored information) that may be relevant to the subject matter of this lawsuit.

      8.    <u>Issues Regarding Privilege</u>

a. <u>Privileged material – Effect of Disclosure</u>: Any disclosure of privileged, work product, or other protected information as part of a production is not a waiver in the pending case or any other federal or state proceeding or arbitration. This agreement of the parties and by Order of the Court establishes the parties' intention to retain the confidentiality of all privileged materials pursuant to Federal Rule of Evidence 502 regardless of the circumstances of disclosure and otherwise afford the maximum protection allowed by Federal Rule of Evidence 502(d) and (e) and analogous law and rules of any other state or court.

b. <u>Privileged Communications Between Counsel, or Between Parties and Their Counsel</u>: The parties seek a provision in the scheduling order that precludes discovery of documents created after the filing of the administrative claim filed by plaintiff against defendant Akima and defendant FBI that forms the basis of plaintiff's claims in this action that are (a) privileged because they are sent solely between counsel for either party, or (b) that are privileged because they are sent between a party and that party's counsel. If any discovery request is susceptible of a construction which calls for the production of such documents, those documents need not be produced or identified on any privilege log.

c. <u>Privileged Material - Inadvertent Disclosure</u>: The production of privileged or protected documents (including electronic documents) without the intent to waive that privilege or protection does not constitute a waiver, so long as the disclosing party identifies the inadvertently-disclosed documents within a reasonable time. If such documents are identified, the recipient party will cease review of the inadvertent production and promptly return the documents to the disclosing party.

9. <u>Additional Issues</u>

a. At this stage of the proceedings, the parties do not consent to trial before a Magistrate Judge.

b. At this time, the parties do not request the assistance of a Magistrate Judge to engage in settlement discussions, and no settlement discussion has yet taken place.

Dated: August 10, 2018

Respectfully submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

By: _____/s/_____
DENNIS C. BARGHAAN, JR.
Deputy Chief, Civil Division
Assistant United States Attorney
Office of the United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3891
Fax: (703) 299-3983
Email: dennis.barghaan@usdoj.gov

ATTORNEYS FOR DEFENDANT FBI

_____/s/_____
Eunju Park, Bar No. 87890
Alison N. Davis (Pro Hac forthcoming)
LITTLER MENDELSON
815 Connecticut Avenue, N.W., Suite 400
Washington, D.C. 20006
Tel: 202-842-3400
Fax: 202-842-0011
Email: EPark@littler.com;
ANDavis@littler.com

ATTORNEY FOR DEFENDANT
MANTECH

# CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will transmit a true and correct copy of the same to the following:

Anna Andin Bender
18251 Maple Spring Court
Leesburg, Virginia 20176
Email: Caibender1205@yahoo.com

David Reese Warner
Centre Law & Consulting LLC
8330 Boone Boulevard, Suite 300
Tysons Corner, Virginia 22182
Email: dwarner@centrelawgroup.com

Date: August 10, 2018

           /s/
DENNIS C. BARGHAAN, JR.
Deputy Chief, Civil Division
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3891
Fax: (703) 299-3983
Email: dennis.barghaan@usdoj.gov